NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OWEN D. DENSON, JR.,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D15-3655
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed March 2, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Chris Helinger, Judge.

PER CURIAM.

Owen D. Denson, Jr., filed a motion in the circuit court of Pinellas County seeking certain documents in support of an executive clemency application. The circuit court denied his motion on the ground that an indigent defendant is not entitled to court records or transcripts free of charge, additionally advising him to file a detailed request for the documents and a cost estimate with the clerk of the circuit court. We reverse in part because the circuit court overlooked the particular statutes applicable to executive clemency applications.

Section 940.04, Florida Statutes (2015), provides that "[i]n the event any applicant for executive clemency is required to supply a certified copy of the applicant's information, indictment, judgment, or sentence, said document shall be furnished by the clerk of court to the applicant free of charge and without delay."  In addition, section 940.03 recognizes that applicants for executive clemency may be required to submit certified copies of the "applicant's indictment or information, the judgment adjudicating the applicant to be guilty, and the sentence, if sentence has been imposed."  Thus, to the extent that Mr. Denson sought the information, judgment, and sentence for each case, the circuit judge should have advised him that he could obtain them from the clerk of the circuit court free of charge.  Mr. Denson also sought arrest warrants and docket reports, but those documents are not within the purview of section 940.04.

Accordingly, we affirm that aspect of the circuit court's order advising Mr. Denson to request documents from the clerk of the circuit court, but we reverse the order to the extent that it advises Mr. Denson that he cannot obtain certain documents in support of his executive clemency application "free of charge and without delay."  See § 940.04.  On remand, Mr. Denson may apply to the circuit court for copies of the documents needed to support his clemency application.

Affirmed in part, reversed in part, and remanded.

CASANUEVA, KHOUZAM, and SLEET, JJ., Concur.